SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
KARIN DOUGAN VOGEL, Cal. Bar No. 131768
Email: kvogel@sheppardmullin.com
J. BARRETT MARUM, Cal. Bar No. 228628
Email: bmarum@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
Telephone: 619-338-6500
Facsimile: 619-234-3815

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
FRED R. PUGLISI, Cal. Bar No. 121822
Email: fpuglisi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
Telephone: 310-228-3700
Facsimile: 310-228-3701

Attorneys for Defendant
FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for NetBank, FSB

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CLAYTON dba CLAYTON TRUCKING; JEAN HOGUE; VASILE BORTIS dba BORTIS PERFORMANCE MACHINE CO.; MARIA BORTIS; ANDREW MICKLOS dba MIC TRUCKING; RAUL BARRILE dba BARR MACHINE SHOP; DIJAMAAN, INC., dba PRESTIGE AUTO SERVICE; ESHRAT THOBANI; AZIM THOBANI; HENRY MONTGOMERY dba PICTURE PERFECT AUDIENCES; DAPHNEY MONTGOMERY; MALIBU FARMS, INC.; JEFFERY GLASER; McCORMIC FRESH HERBS, LLC; PRECISION RELOCATION, LLC; PREMIER OFFICE SERVICES, LLC; KIRK O'GILVY; DOUGLAS PIERSANT; BOBBY J. HAMBY, JR., D.C. dba WALNUT FAMILY CHIROPRACTIC; OLENA HANBY; WHITE AND YELLO CAB, INC. dba | Case No. CV08-01755 PSG VBKx **EXHIBITS TO NOTICE OF REMOVAL OF ACTION (LOS ANGELES SUPERIOR COURT PLEADINGS FILED IN CASE NO. BC 253169 PART ONE OF FOURTEEN)** |

-1-

EXHIBITS TO NOTICE OF REMOVAL OF ACTION

A TAXI CAB; HOSSEIN NEBATI; ST. CLAIR THOMAS; WILLIAM LEIGON AND ASSOCIATES, INC. dba HUNTINGTON WINE CELLARS; WILLIAM L. LEIGON dba WILLIAM LEIGON & ASSOCIATES; DENAE LEIGON; ROBERT HOUCHIN, DDS, PSCA, INC.; EDUARDO RAMIREZ dba BAG SPECIALISTS; MIGUEL ELIAS dba REVCO INDUSTRIES; DIANA RODRIGUEZ dba BIO DIAGNOSTIC IMAGING and dba ADVANCED BIO DIAGNOSTICS; THE WILLIS BALLET, INC.; PEGGY WILLIS; PAUL AARNIO; PROVIDENT MEDICAL MANAGEMENT GROUP, INC.; SHAWN DODD; JAMES C. DODD; PINNACLE DISPOSAL AND ENVIRONMENTAL SERVICES, INC.; TIMOTHY DANIEL MALCZYNSKI; ROBERT LEE GALE,

Plaintiffs,

v.

RONALD FISHER, an individual; STERLING WAYNE PERTLE, an individual; MARK FISHER, an individual; CMC LEASE FUNDING 1998-1, LLC; CMC LEASE FUNDING II, INC.; CMC LEASE FUNDING 2000-220, L.P., a Texas Limited Partnership; CMC LEASE FUNDING, LLC; CMC LEASE FUNDING 2000-1, INC.; CMC LEASE FUNDING 2000-2, INC.; CMC LEASE FUNDING 2001-1, INC.; CMC LEASE FUNDING 2001-2, INC.; CMC LEASE FUNDING 2001-3, INC.; CMC LEASE FUNDING III; AMWEST SURETY INSURANCE COMPANY, INC., a Nebraska Corporation; SAFECO SURETY COMPANY, a Washington Corporation; ILLINOIS UNION INSURANCE COMPANY; RANGER INSURANCE COMPANY, a Delaware Corporation; FRONTIER INSURANCE COMPANY; AMERICAN MOTORISTS INSURANCE COMPANY; RLI INSURANCE COMPANY; ROYAL AND SUN ALLIANCE USA; EPIC

-2-

FUNDING CORPORATION; NETBANK, INC., a Georgia Corporation; FOOTBRIDGE LIMITED TRUST, a Bermuda Trust Cmpany; GENERAL ELECTRIC CAPITAL CORPORATION, a New York Corporation; GUARDIAN CAPITAL V, LLC; GUARDIAN CAPITAL VI, LLC; GUARDIAN CAPITAL VIII, LLC; GUARDIAN CAPITAL IX, LLC; GUARDIAN CAPITAL XIV, LLC; GUARDIAN CAPITAL XV, LLC; GUARDIAN CAPITAL XVIII, LLC; GUARDIAN FINANCIAL, INC.; DIVERSITY CAPITAL II, LLC; CITIBANK,, N.A., AMERIANA BANK & TRUST OF INDIANA; ATLANTIC COAST FEDERAL, a Federal Savings Bank; BANK OF WAUKEGAN; BLUEBONNET SAVINGS BANK, FSB; RIVERWAY BANK; UNITED SECURITY BANK; LAKELAND BANK; SKY BANK; THE HUNTINGTON NATIONAL BANK; THE METROPOLITAN BANK & TRUST; THE SECOND NATIONAL BANK; STUART ALLAN; U.S. BANCORP; CASH RECOVERY, LLC; and DOES 1 through 720, inclusive,

                    Defendants.

-3-






*Clayton v. Commercial Money Center*
*Los Angeles County Superior Court - Central District - Case No. BC 253 169*
*08H9-100416*

*Pleadings Index - Volume 1*

| NO. | DESCRIPTION OF DOCUMENT | PARTY | DATE |
|-----|------------------------|-------|------|
| 1. | Complaint | Plaintiffs | 06-27-01 |
| 2. | First Amended Summons & Complaint | Plaintiffs | 08-02-01 |
| 3. | Notice of Motion and Motion of Defendants Commercial Money Center, Inc.; Ronald Fisher; Sterling Wayne Pirtle; Commercial Servicing Corporation; and Safeco Surety Company to Strike Portions of Plaintiffs First-Amended Complaint | CMC Fisher Pirtle CSC Safeco | 08-20-01 |
| 4. | Statement of General Demurrers of Defendants Commercial Money Center, Inc.; Ronald Fisher; Sterling Wayne Pirtle; Commercial Servicing Corporation; and Safeco Surety Company to Plaintiffs' First Amended Complaint | CMC Fisher Pirtle CSC Safeco | 08-20-01 |
| 5. | Memorandum of Points and Authorities in Support of Statement of General Demurrers of Defendants Commercial Money Center, Inc.; Ronald Fisher; Sterling Wayne Pirtle; Commercial Servicing Corporation; and Safeco Surety Company to Plaintiffs' First Amended Complaint | CMC Fisher Pirtle CSC Safeco | 08-20-01 |
| 6. | Plaintiffs' Memorandum of Points and Authorities in Opposition to Demurrer and Motion to Strike First Amended Complaint | Plaintiffs | 08-31-01 |
| 7. | Frontier Insurance Company's Answer to First Amended Complaint | Frontier Ins. | 09-05-01 |



### *Clayton v. Commercial Money Center*
### *Los Angeles County Superior Court - Central District - Case No. BC 253 169*
### *08H9-100416*

### *Pleadings Index - Volume 1*

| NO. | DESCRIPTION OF DOCUMENT | PARTY | DATE |
|---|---|---|---|
| 8. | Reply to Plaintiffs' Memorandum of Points and Authorities in Opposition to Demurrer and Motion to Strike to First Amended Complaint | CMC Fisher Pirtle CSC Safeco | 09-07-01 |
| 9. | Notice of Motion and Motion of Illinois Union Insurance Company to Strike Portions of First Amended Complaint | Illinois Union | 10-30-01 |
| 10. | Memorandum of Points and Authorities in Support of Illinois Union Insurance Company's Demurrer to First Amended Complaint and Motion to Strike Portions Thereof | Illinois Union | 10-30-01 |
| 11. | Notice of Motion and Motion to Compel Further Responses to Plaintiff's First Set of Special Interrogatories to Defendant CMC, etc. | CMC | 11-21-01 |
| 12. | Notice of Status Conference | Court | 11-26-01 |
| 13. | Minute Order | Court | 12-10-01 |
| 14. | Initial Status Conference Order | Court | 12-18-01 |
| | **END OF PLEADINGS INDEX - VOL. 1** | | |

14

Professional Indexes & Files 800-422-9191 www.proindexes.com

# FILED

LOS ANGELES SUPERIOR COURT

DEC 1 8 2001

JOHN A. CLARKE, CLERK

BY J. HERNAND, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGLES

Plaintiff(s)  RONNIE CLAYTON    vs

Defendant(s)  COMMERCIAL MONEY CENTER INC

Case No: BC 253169

**INITIAL STATUS CONFERENCE ORDER**

(Complex Litigation Program)

This case has been assigned to Judge Charles W. McCoy in the Complex Litigation Pilot Program. Judge McCoy shall have the primary responsibility of handling pretrial matters and will be the trial judge. Judge Wendell Mortimer, Jr. is assigned as the partner judge in this case. As partner judge, Judge Wendell Mortimer, Jr. will be familiar with this case and will hear any pretrial matter that Judge Charles W. McCoy is not able to hear due to illness, being away from court or being involved in a lengthy trial in another matter. Unless counsel are notified in advance to the contrary, all matters in this case will be heard by Judge Charles W. McCoy.

**An Initial Status Conference is set for JANUARY 16 2002 AT 9:30 A.M.  in Department 308.**  Counsel for all parties are ordered to attend.

Prior to the Initial Status Conference, Counsel for all parties are ordered to meet and confer in person (no later than 10 days before the Conference) and discuss the following areas. Additionally, counsel shall be prepared to discuss these issues with this court at the Initial Status Conference.

1.    Parties and the addition of parties;

2.    Claims and defenses;

3.    Consideration of any issues of recusal or disqualification;

4.    Issues of law that, if considered by the court, may simplify or further resolution of the case;

5.    Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc; see attachment);

6.    A plan for the preservation of evidence;

7.    A plan for disclosure and discovery;

8.    Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;

9.    A target trial date;

10.    Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;

11.    Procedures for the drafting of a Case Management Order, if appropriate;

12.    Any issues involving the protection of evidence and confidentiality;

13.    The handling of any potential publicity issues;

14.    The creation of a single master file for the litigation to eliminate the need for multiple filings of similar documents when related cases have common parties; and

15.    Whether it is appropriate to reduce the number of parties upon whom service of documents must be made.

Counsel for plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed three court days prior to the Initial Status Conference. The Joint Initial Status Conference Report is to include the following:

1.    A list of all parties and counsel;

2.    A statement as to whether additional parties are likely to be added and a

proposed date by which all parties must be served;

3.    An outline of the claims and cross-claims and the parties against whom each claim is asserted;

4.    Service lists and procedures for efficient service and filing;

5.    Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case;

6.    Applicability and enforceability of arbitration clauses;

7.    A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;

8.    A description of core factual and legal issues;

9.    The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10.    Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery;

11.    For insurance coverage cases and construction defect cases, an insurance coverage chart listing all insurance, including the names of the insured and insurance company, effective dates of the policy, policy limits, amount of monies previously paid out on the policy, whether the policy limits have been exhausted, and whether the policy is primary, umbrella, etc.;

12.    A proposed discovery cut-off date; and

13.    A target trial date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party or of various parties shall be set forth separately and attach to this report as an agenda.

To facilitate the orderly conduct of discovery and motions brought before this court, all discovery and motion activity is temporarily stayed pending further order of

- 3 -

this court.

IT IS SO ORDERED.

Dated:        12/17/01

_____
Charles W. McCoy
Los Angeles Superior Court
Judge

- 4 -

૧૪/૦૪/૦૧

13

Professional Indexes & Files 800-422-9191 www.proindexes.com

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| 12/10/01 | | DEPT. 1 |
|---|---|---|
| HONORABLE Gary Klausner | JUDGE | C. PRESCOTT    DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| R. STRAWN | Deputy Sheriff | NONE    Reporter |

| | | |
|---|---|---|
| BC253169 | Plaintiff Counsel | NONE APPEARING |
| RONNIE CLAYTON VS COMMERCIAL MONEY CENTER INC | Defendant Counsel | NO LEGAL FILE |
| R/T 11/21/1 YC041145 10/11 CAL R/F 10/11/1 BC257265 W/ 10/11 C | | |

**NATURE OF PROCEEDINGS:**

CASERE-ASSIGNMENT

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Charles W. McCoy in Central Civil West-Dept. 308 (from Judge Gregory O'Brien in Department 21 Counsel for all parties are ordered to indicate on all future documents to be filed with the Court in this matter the name of the newly assigned judicial officer in the caption below the case number.

Counsel is ordered to serve notice of this order by mail on all parties within five (5) days of the receipt of this minute order.

A copy of this minute order is sent to counsel by U.S. Mail as follows:

BARTON, KLUGMAN & OETTING, LLP
Thomas E. McCurnin, Esq.
Suite 3700
Los Angeles, CA 90071

Page    1 of  1    DEPT. 1

MINUTES ENTERED
12/10/01
COUNTY CLERK

12/10/01

12

Professional Indexes & Files 800-422-9191 www.proindexes.com

NOTICE SENT TO:

~~rton, Klugman & Oetting, Law Offices
    S. Grand Ave.
    e. 3700
Los Angeles          CA   90071-1599

**FILED**

LOS ANGELES SUPERIOR COURT

NOV 2 6 2001

JOHN A. CLARKE, CLERK

BY J. HERNAND, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| RONNIE CLAYTON<br><br>VS.<br>Plaintiff(s),<br><br>COMMERCIAL MONEY CENTER INC<br>Defendant(s). | CASE NUMBER<br><br>BC253169<br><br>**NOTICE OF STATUS CONFERENCE** |

TO THE PLAINTIFF(S) AND ATTORNEY OF RECORD and/or PARTIES IN PRO PER:

**NOTICE IS HEREBY GIVEN** that the Status Conference in the above-entitled action will be held on __January 16, 2002__ at __9:30 am__ in Department __308__ of the Central Civil West Courthouse, located at 600 South Commonwealth Ave., Los Angeles, California, 90005.

ALL PARTIES OF RECORD SHALL COMPLETE, in its entirety, a STATUS CONFERENCE QUESTIONNAIRE AND SERVE AND FILE IT DIRECTLY IN DEPARTMENT __308__ at least **five** court days prior to the above date.

.t the Status Conference, in accordance with the Los Angeles Superior Court Local Rules 7.9 et seq., the Court may:  Order the case to Arbitration/Mediation, Order the case transferred to Municipal Court, dismiss unserved named parties and/or set the matter for trial.

**Counsel for plaintiff or plaintiff in pro per is ordered to give notice of the aforesaid notice of hearing to all counsel of record or parties in pro per forthwith.**

DATED:  __November 26, 2001__

_____
JUDGE OF THE SUPERIOR COURT

## CERTIFICATE OF MAILING

I am over the age of 18 years and not a party to the within action.  I am familiar with the Los Angeles Superior Court practice for collection and processing of correspondence and know that such correspondence is deposited with postage prepaid with the United States Postal Service the same day it is delivered to the  mail  room in the Los Angeles Superior Court.  I declare under penalty of perjury under the laws of the State of California that I delivered a true copy of the above notice to the plaintiff/plaintiff's attorney of record by placing the copy in an envelope addressed as listed and delivering it to the mail room of the Court.

Dated: __November 26, 2001__

JOHN A. CLARKE, Executive Officer/Clerk of the Superior Court of California, County of Los Angeles

By _____, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| 11/21/01 | | DEPT. 1 |
|---|---|---|
| HONORABLE Gary Klausner    JUDGE | C. PRESCOTT | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R. STRAWN    Deputy Sheriff | NONE | Reporter |

| BC253169<br><br>RONNIE CLAYTON<br>VS<br>COMMERCIAL MONEY CENTER INC<br><br>R/T 11/21/1 YC041145 10/11 CAL<br>R/F 10/11/1 BC257265 W/ 10/11 C | Plaintiff<br>Counsel<br><br>Defendant<br>Counsel | NONE APPEARING<br><br>NO LEGAL FILE |
|---|---|---|

NATURE OF PROCEEDINGS:

COURT'S ORDER RE: RELATED CASES

The Court finds that the following cases: BC253169, YC041142 and BC257265
are related cases within the meaning of Los Angeles Superior Court Local Rule 7.3(f). BC253169 is the lead case. For good cause shown, said cases are assigned to Judge Gregory O'Brien in Department 21 for all purposes. All hearings in cases other than the lead case are vacated. Any presently calendared motions in cases other than the lead case shall be continued to the newly assigned department and shall be renoticed by the moving party. This order is made without prejudice to the parties making a motion to consolidate in the assigned department.

The moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by mail forthwith on all interested parties within ten (10) days of the receipt of this minute order. A copy of this minute order is sent via U.S. Mail in an en- velope addressed as follows:

BARTON, KLUGMAN & OETTING, LLP
Thomas E. McCurnin, Esq.
333 Sough Grand Avenue
Suite 3700
Los Angeles, CA 90071

MINUTES ENTERED
11/21/01
COUNTY CLERK

11/21/01

Professional Indexes & Files 800-422-9191 www.proindexes.com

11

THOMAS E. McCURNIN (State Bar No. 103762)
MARK A NEWTON (State Bar No. 126119),
Barton, Klugman & Oetting, LLP
333 South Grand Avenue
Suite 3700
Los Angeles, California 90071
Telephone (213) 621-4000
Facsimile (213) 625-1832

Attorneys for Plaintiffs
RONNIE CLAYTON et al

**FILED**
LOS ANGELES SUPERIOR COURT
NOV 2 1 2001
Chitchell
BY C. MITCHELL, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

RONNIE CLAYTON dba CLAYTON
TRUCKING, et al.,

      Plaintiffs,

vs.

COMMERCIAL MONEY CENTER, INC.,
a Nevada Corporation; et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. BC 253 169

Assigned to: Civil Central West
The Hon. Charles McCoy
Department "308""

**NOTICE OF MOTION AND MOTION
TO COMPEL FURTHER RESPONSES
TO PLAINTIFFS' FIRST SET OF
SPECIAL INTERROGATORIES TO
DEFENDANT CMC; AND REQUEST
FOR SANCTIONS IN THE AMOUNT
OF $3,873; DECLARATION OF
MARK A. NEWTON AND EXHIBITS
"A" THROUGH "C" IN SUPPORT
THEREOF**

DATE : December 18, 2001
TIME : 8:30 a.m.
DEPT. : 308

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 18, 2002, at 8:30 a.m. or as soon thereafter as the matter may be heard in Department 21 of the above-entitled court, plaintiffs will move and hereby moves this court for an order compelling defendant Commercial Money Center, Inc. ("CMC") to provide additional responses to plaintiffs' first set of interrogatories and for an order imposing monetary sanctions in the amount of $3,873.

- 1 -

MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST SET OF SPECIAL INTERROGATORIES
W:\Working\Newton\CMC\Discovery\Our Discover CMC\Motion to Compel.2.wpd

This Motion is based upon CCP Sect. 2030(l) and upon CMC's failure to provide full and complete responses to interrogatories without substantial justification and upon CMC's failure to meet and confer with respect to its insufficient responses.

BARTON, KLUGMAN & OETTING, LLP

By: _____
MARK A. NEWTON,
A Professional Corporation
THOMAS E. McCURNIN
Attorneys for Plaintiffs

DATED: November 21, 2001

BARTON, KLUGMAN & OETTING, LLP
333 SOUTH GR.    VENUE
SUITE 3...
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 621-4000

- 2 -

MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST SET OF SPECIAL INTERROGATORIES
W:\Working\Newton\CMC\Discovery\Our Discover CMC\Motion to Compel 2.wpd

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

This action arises out of certain transactions between each of the plaintiffs and CMC by which CMC financed certain of the plaintiffs' purchase of equipment from third parties or lent money to other of the plaintiffs under purported "lease backs" of their own equipment.  The complaint alleges that these transactions, while called leases, were actually disguised loans.  As CMC was not a licensed financial lender under Section 22000et seq. of the California Financial Code, these loans were usurious.  These loans typically carried effective interests rates of between 50% to 70% per annum.  Not only was CMC not licensed as a financial lender at any time with respect to these transactions, the complaint alleges that CMC committed numerous other violations of the Financial Code, including making the plaintiffs sign documents in blank, failing to disclose interests rates and using unlicensed brokers.

The complaint also sets forth in detail that the loans are actually consumer loans under the Financial Code §22204(b) due to CMC's taking of a security interest in the plaintiffs' account receivables.  The consequence of the loans being consumer loans under the Financial Code is that upon the wilful violations of the Financial Code, the loans become void and no payment of either interest or principal is due to CMC or to any other parties.  Plaintiffs also assert claims asserting that CMC engaged in unfair collection practices.

Plaintiffs allege and believe that these loans were assigned to or purchased by various institutions which "funded" these transactions.  These "assignees" may have received some or all of the payments made by plaintiffs and may be the current true parties in interest as to the cancellation of the transactions and the recovery of damages or recoupment.  These assignee parties are currently named as "DOE defendants," as plaintiffs do not yet know who they are.

Additionally, as part of the transactions the plaintiffs were required to sign indemnity agreements, in blank, in favor of unnamed  bonding companies who were to

BARTON, KLUGMAN ʻ OETTING, LLP
333 SOUTH GR       /ENUE
SUITE ɔ
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 621-4000

- 3 -

issued payment guarantee bonds with respect to these transactions. If the plaintiffs fail to pay then the bonding companies will be called upon to make payments and will then have the right to seek indemnity against each of the plaintiffs. Plaintiffs thus seek to modify or invalidate these indemnity agreements with the bonding companies. While plaintiffs have been able to identify some of these bonding companies, most of them has been named as DOE defendants and have yet to be identified.

Plaintiffs' complaint also asserts that each of the claimed violations of law and statute give rise to claims under California Business & Professions Code §17200 et seq. Plaintiffs assert these claims on their own behalf and on behalf of all similarly situated customers of CMC in California.

On August 3, 2001, the plaintiffs served their first set of interrogatories upon defendant CMC (Declaration of Mark A. Newton: "Newton Declaration"). True and correct copies of each of the interrogatories is set forth in the Separate Statement submitted contemporaneously herewith. The interrogatories involved in this set seek information regarding the relationship between the various defendants and potential defendants, the identity and location of each of those potential defendants and information regarding the transactions at issue between each of the named plaintiffs and the defendant. The interrogatories also seek information regarding the nature of the transactions and the profits made by defendants. The interrogatories also seek information relative to the collection practices of defendants.

The discovery seeks the same information as to the California customers of CMC prior to its obtaining licensing who are potential claimants under Business & Professions Code Section 17200. Plaintiffs are informed and believe that this encompasses 300 to 500 potential claimants.

This set of interrogatories consists of only 28 interrogatories.

On October 5, 2001, defendant CMC provided its responses to interrogatories. Other than a partial and insufficient response to Interrogatory No. 2, each of the responses consisted of only objections, and no substantive information whatsoever was provided in

- 4 -

BARTON, KLUGMAN & OETTING, LLP
333 SOUTH GRAND AVENUE
SUITE 3,
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 621-4000

response to any of the interrogatories. A true and correct statement of each of the interrogatories and the responses is set forth in the Separate Statement accompanying this Motion.

On October 23, 2001, counsel for plaintiffs sent to counsel for CMC a substantive meet and confer letter addressing each of the interrogatories individually. Attached as Exhibit "A" is a true and correct copy of that meet and confer correspondence. In response to that correspondence on November 2, 2001, counsel for CMC, sent a correspondence proposing a stipulation to extend the time for filing a Motion to Compel further responses until after the hearing on a pending demurrer. Attached as Exhibit "B" is a true and correct copy of that correspondence.

On November 6, 2001, counsel for plaintiffs replied to counsel for CMC that the proposed stipulation calling for further delay of discovery was unacceptable and that further responses must be received. The correspondence also invited a further meet and confer on the discovery responses. Attached as Exhibit "C" is a true and correct copy of that correspondence. After counsel for plaintiffs received no response to that correspondence, counsel for plaintiffs called counsel for CMC on November 8 and 9, 2001, leaving messages. On November 12, 2001, counsel for plaintiffs called and was able to speak with counsel for CMC who indicated that counsel had received the November 6, 2001 correspondence and would not be providing any additional responses. Thus, CMC has refused to meet and confer with respect to the inadequacies of the responses.

Given the reasonable nature of each of the interrogatories and defendant's refusal to provide adequate responses, the bringing of this motion was necessary.

II.    SPECIFIC INTERROGATORIES AND RESPONSES

As each of the interrogatories and responses are set forth in the Separate Statement filed concurrently herewith along with the plaintiffs' reason why additional responses should be compelled, plaintiffs will not set forth each of said interrogatories and responses at length.

- 5 -

BARTON, KLUGMAN & OETTING, LLP
333 SOUTH GR    VENUE
SUITE
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 621-4000

Generally speaking, each of the interrogatory responses sets forth a relevance objection. As this court is well aware, relevance with respect to discovery is a very broad concept. The test is whether information sought is potentially relevant and whether discovery is reasonably calculated to lead to the discovery of admissible evidence *C.C.P. §2017(a); Gonzalez v. Superior Court* (1995) 33 Cal.App.4th 1539; and *Colonial Life & Accident Insurance Co. vs. Superior Court* (1982) 31 Cal.3d 785,790. In this case, as is set forth in the Separate Statement, each of these interrogatories do in fact, seek relevant information.

In addition to these meritless relevance objections, CMC has made additional inapplicable or meritless objections including objections as to vagueness as to the use of the term "employees" (see Interrogatory and Response No. 1); that information as to witness' names, titles and last known addresses are "equally available" (see Interrogatory and Response No. 3); that the naming of shareholders of CMC for a specific time period are "overbroad, burdensome and oppressive." (see Interrogatory and Response No. 4); and that the use of the term "took" with respect to the identifying of persons who took these king of lease applications from plaintiffs was "overbroad, burdensome and oppressive and vague and ambiguous". (see Interrogatory and Response No. 5). The list goes on and on.

It appears that counsel for CMC went through each interrogatory with a view towards finding some objection (no matter how absurd) to state in response to each of the interrogatories in an effort to provide no information whatsoever. Adding insult to injury, CMC then refused to even meet and confer to discuss the problems with the discovery responses.

III.    SANCTIONS AGAINST CMC AND ITS COUNSEL ARE JUSTIFIED

Plaintiffs propounded reasonable document requests regarding relevant issues. In response, defendant provided bad faith responses. Plaintiffs then spent several hours preparing a lengthy and detailed correspondence setting out the problems with each of the responses in attempt to meet and confer with defendants. This was all to no avail. Rather than meeting and conferring, defendant merely wrote a correspondence proposing to

- 6 -

BARTON, KLUGMAN ˄ ᴗETTING, LLP
333 SOUTH GRA˄ ENUE
SUITE 3˄
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 621-4000

stipulate to delay the discovery process pending the hearing of a demurrer which they had filed. Defendant thereafter refused to meet and confer as to the substance of the responses and purported objections. Defendant's bad faith failure to meet and confer is further evidence of the bad faith of the responses themselves.

Obviously, had defendant truly believed that it should not be required to provide full responses to discovery while their demurrer was pending, it could have moved the court for a protective order. CMCs failure to do so indicates that there is, in fac,t no basis for the claim and that CMC's conduct is merely calculated to delay the proceedings and to harass the plaintiffs.

CCP Section 2031(l) and Section 2023 mandate the court to impose sanctions against CMC and its counsel for the failure to provide adequate responses. CMC's failure to provide adequate responses was not justified. In this case, there is no substantial justification for these bad faith responses and for the bad faith failure to meet and confer and sanctions here are proper.

As set forth in the Declaration of Mark A. Newton filed contemporaneously herewith, plaintiffs' counsel has spent at least 14 hours drafting the meet and confer correspondence in attempting to meet and confer, in drafting the Separate Statement and this Motion and in the expected time to prepare a Reply Memorandum and to appear on this motion. Plaintiffs' counsel's hourly rate is $175 per hour. There is a filing fee of $23. Therefore, sanctions in the amount of at least $3,873 are appropriate.

IV.    CONCLUSION

CMC has been playing games with discovery for the purpose of harassment and delay. The discovery sought is relevant or reasonably calculated to lead to the discovery of admissible evidence. CMC has provided only bad faith responses and has, in bad faith and in neglect of its obligations to engage in meaningful discovery under the Discovery Act, provided insufficient responses and has failed to meet and confer with respect to those responses. For these reasons, plaintiffs' motion to compel should be granted. Further, plaintiffs submit that sanctions against defendant CMC and its counsel of at least

- 7 -

MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST SET OF SPECIAL INTERROGATORIES

$3,873 are justified.

Dated: November___, 2001

BARTON, KLUGMAN & OETTING, LLP

By: _____
Mark A. Newton, APC
Thomas E.  McCurnin
Attorneys for Plaintiffs
RONNIE CLAYTON et al.

**BARTON, KLUGMAN ~ OETTING, LLP**
333 SOUTH GR~ ~ENUE
SUITE 3.
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 621-4000

**MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST SET OF SPECIAL INTERROGATORIES**
W:\Working\Newton\CMC\Discovery\Our Discover CMC\Motion to Compel 2.wpd

## DECLARATION OF MARK A. NEWTON

I, MARK A. NEWTON, hereby declare as follows:

1.     I am an attorney at law duly licensed to practice before all of the courts in the State of California.  My professional corporation is a member of the firm of Barton, Klugman & Oetting, LLP, counsel fo record for plaintiffs herein.  I am the attorney who is primarily in charge of handling this matter on behalf of plaintiffs and make this declaration on first- hand knowledge gained in such representation.

2.     On August 3, 2001, I caused to be served plaintiffs' First Set of Interrogatories upon defendant Commercial Money Center ("CMC").  A true and correct statement of each of the interrogatories is set forth in the Separate Statement filed contemporaneously herewith.

3.     On October 5, 2001, defendant CMC provided its responses to interrogatories.  A true and correct statement as to each of the responses to interrogatories is set forth in the Separate Statement filed contemporaneously herewith.

4.     On October 23, 2000, I caused to be served by facsimile and mail a meet and confer correspondence to counsel for CMC, Richard Solomon, Esq.  Attached as Exhibit "A" to this motion is a true and correct copy of that meet and confer correspondence.

5.     On November 5, 2001, I received by mail, the November 2, 2001 correspondence from Rochelle Stanford, counsel for CMC in response to my meet and confer.  Attached to this Motion as Exhibit "B" is a true and correct copy of that correspondence.  On November 6, 2001, I sent by facsimile and mail a correspondence to Rochelle Stanford rejecting the invitation to stipulate to additional time to response and to extend the time to compel and requesting an additional meet and confer with respect to the discovery.  Attached hereto as Exhibit "C" is a true and correct copy of that correspondence.

6.     Having not heard from Ms. Stanford regarding my November 6, 2001 correspondence, on November 8 and 9, 2001, I telephoned Ms. Stanford and left messages

-9-

inquiring whether or not I would get a response. Having received no response on Monday, November 12, 2001, I contacted Richard Solomon by telephone and inquired as to whether I would be receiving a response to my November 6, 2001 letter and whether additional responses would be forthcoming. He stated "no" to each of the questions.

7. I have spent at least four (4) hours in drafting the meet and confer correspondence and in attempting to meet and confer with respect to the interrogatories. I have spent at least seven (7) additional hours in the drafting of this Motion and the accompanying Separate Statement. I anticipate that I will spend at least another four (4) hours in reviewing and replying to any opposition filed herein and in appearing on the hearing of the Motion. My hourly rate is $275 per hour. There has been a filing fee with respect to this matter of $23. The total sanctions sought herein is at least $3,873 subject to supplementation by declaration accompanying the reply.

I declare under penalty of perjury under the laws of the State of California that all of the above stated facts are true and correct.

Executed on this 21st day of November, 2001 at Los Angeles, California.

MARK A. NEWTON

- 10 -

MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST SET OF SPECIAL INTERROGATORIES

11/21/01

Professional Indexes & Files 800-422-9191 www.proindexes.com

10

MITCHELL SILBERBERG & KNUPP LLP
THOMAS P. LAMBERT (State Bar No. 050952)
RICHARD S. HESSENIUS (State Bar No. 076765)
JEAN PIERRE NOGUES (State Bar No. 084445)
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:    (310) 312-2000
Facsimile:    (310) 312-3100

Attorneys for Defendant
ILLINOIS UNION INSURANCE COMPANY

**FILED**
LOS ANGELES SUPERIOR COURT
OCT 30 2001
JOHN A. CLARKE, CLERK
BY R. AMOR, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

RONNIE CLAYTON, etc., et al.,

                    Plaintiffs

          v.

COMMERCIAL MONEY CENTER, INC.,
etc., et al.,

                    Defendants

Case No. BC253169

ASSIGNED FOR ALL PURPOSES TO:
Hon. Gregory O'Brien
Department 21

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
ILLINOIS UNION INSURANCE
COMPANY'S DEMURRER TO FIRST
AMENDED COMPLAINT AND MOTION
TO STRIKE PORTIONS THEREOF

Date:    November 27, 2001
Time:    8:30 a.m.
Dept:    21

Date/Case Filed:    June 27, 2001

Defendant Illinois Union Insurance Company ("IUIC") respectfully submits this Memorandum of Points and Authorities in support of its Demurrers to the First Amended Complaint and Motion to Strike portions thereof.

Mitchell Silberberg & Knupp LLP

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEMURRER AND MOTION TO STRIKE

# 1.

# INTRODUCTION

Plaintiffs' First Amended Complaint ("FAC") purports to plead causes of action against IUIC for Usury (First), Violation of the Finance Lenders Law (Second), Declaratory Relief (Third), Cancellation or Reformation (Fifth), Injunctive Relief (Eighth) and Unfair Business Practices (Ninth).

All of Plaintiffs' claims against IUIC (except the solely equitable claims in the Third, Fifth and Eighth Causes of Action) are fatally defective because Plaintiffs' allegations make it clear that those claims are premised entirely on certain loan transactions between Plaintiffs and Defendants other than IUIC. IUIC did not make, and has not been alleged to have made, any loans to any Plaintiff, and is simply not a proper party to Plaintiffs' Usury (First), Finance Lenders Law (Second) and Unfair Practices Act (Ninth) Causes of Action.

At the very least, Plaintiffs should be required to replead the First, Second and Ninth Causes of Action to make clear the nature of any relief sought against IUIC under those causes of action. Alternatively, all requests for relief other than declaratory relief, reformation, cancellation and injunctive relief should be stricken.

# 2.

# SUMMARY OF ALLEGATIONS

For purposes of this Demurrer and Motion to Strike, IUIC accepts as true the factual allegations in the FAC, which principally concern transactions between Plaintiffs and Defendants Commercial Money Center, Inc. ("CMC"), Commercial Servicing Corporation ("CSC"), and certain related parties (these Defendants are sometimes referred to collectively as "the CMC Defendants").

Mitchell Silberberg &
Knupp LLP

2

0382964.2

The FAC alleges that IUIC issued a collateral security ("credit enhancement") insurance policy relating to a lease between Plaintiffs Henry Montgomery dba Picture Perfect Audiences, Daphney Montgomery and the CMC defendants. FAC, ¶ 69.

Paragraph 45 of the FAC alleges that IUIC (along with several other named and unnamed insurers) has been named as a defendant because, as part of the transactions with the CMC Defendants, Plaintiffs signed indemnity agreements in favor of IUIC.

Although IUIC is named as a defendant under the First Cause of Action for Usury, the Second Cause of Action for violations of the California Finance Lenders Law, and the Ninth Cause of Action for violations of the California Unfair Practices Act,[1] Plaintiffs do not claim that IUIC engaged in any specifically alleged acts of misconduct.[2] It *appears* that Plaintiffs simply seek declaratory relief regarding, and reformation and cancellation of, any indemnity agreement executed by them in IUIC's favor to the extent that the underlying transactions with the CMC Defendants were unlawful.

### 3.

### THE FIRST CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST IUIC AND REQUESTS FOR RELIEF AGAINST IUIC UNDER THAT CAUSE OF ACTION SHOULD BE STRICKEN

Plaintiffs' First Cause of Action purports to state a claim for usury based on certain transactions between Plaintiffs and the CMC Defendants. Plaintiffs allege that these

---

[1] Although the Ninth Cause of Action is denominated as one under the Unfair Practices Act (FAC ¶ 133) it appears that Plaintiffs are actually attempting to state a claim under Bus. & Prof. Code § 17200.

[2] Plaintiffs do not even mention IUIC in the charging allegations in the Second and Ninth Causes of Action.

Mitchell Silberberg & Knapp LLP

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEMURRER AND MOTION TO STRIKE
0382964.2

transactions, although denominated as leases, were actually disguised security interests and loans, which included usurious interest provisions. However, because Plaintiffs have not alleged and cannot allege the elements of usury as against IUIC, they have failed to allege facts sufficient to constitute a cause of action against IUIC.

A demurrer may be granted if the complaint fails to state facts sufficient to constitute a cause of action. CCP § 430.10(e). All well-pled factual allegations are accepted as true, but legal conclusions couched as factual allegations are not. Moore v. Conliffe, 7 Cal. 4th 634, 638 (1994). The California Supreme Court has held that "[t]he essential elements of usury are: (1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." Ghirardo v. Antonioli, 8 Cal. 4th 791, 798 (1994). Here, Plaintiffs do not allege that they entered into "loan or forbearance" transactions *with IUIC*; they do not allege that *IUIC* had "a willful intent to enter into a usurious transaction;" they do not allege that *IUIC* contracted for, charged, collected or received any interest whatsoever, much less usurious interest; they do not even allege that *IUIC* loaned money at all. Rather, it appears Plaintiffs have named IUIC only because it was a party to purported indemnity agreements that were incidental to the allegedly usurious transactions *between Plaintiffs and the CMC Defendants.*

Since Plaintiffs have *not* alleged that IUIC loaned money, contracted for, charged, collected or received *any* interest, much less interest at usurious rates, the First Cause of Action fails to state facts sufficient to constitute a cause of action against IUIC. This demurrer should, therefore, be sustained without leave to amend.

Alternatively, a court may "upon terms it deems proper: (a) [s]trike out any irrelevant, false, or improper matter inserted in any pleading [or] (b) [s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order

of the court." CCP § 436; PH II, Inc. v. Superior Court, 33 Cal. App. 4th 1680, 1682-83 (1995) (approving use of motion to strike "when a substantive defect is clear from the face of a complaint, such as . . . a purported claim of right which is legally invalid," and "where the face of the complaint fail[s] to state facts showing a primary right of the plaintiff and a primary duty of, or wrong committed by, the defendant"). Here, in paragraph 95 of the First Cause of Action and paragraphs 1-3, 6-8, and 12 of the Prayer for Relief, Plaintiffs generally seek to recover attorneys' fees and monetary damages against "Defendants," without specifying which "Defendants" should pay. To the extent Plaintiffs seek such recovery against IUIC, those portions of the FAC should be stricken because Plaintiffs' have not alleged any basis entitling them to recover monetary damages *from IUIC*. With respect to the requests for attorneys' fees, Plaintiffs have not alleged that the purported indemnity agreements (the only contract alleged between Plaintiffs and IUIC) contain a provision for the recovery of attorneys' fees, and Plaintiffs have not alleged any statutory or other basis for recovery of attorneys' fees *from IUIC*.

4.

**PLAINTIFFS' SECOND CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST IUIC AND REQUESTS FOR RELIEF THEREUNDER SHOULD BE STRICKEN**

In the Second Cause of Action for violation of the California Finance Lenders Law (Cal. Fin. Code §§ 22000, *et seq.*), the facts pled by Plaintiffs demonstrate that any pertinent transactions occurred *between Plaintiffs and the CMC Defendants only*. Whether those transactions, if loans, were *consumer* loans as Plaintiffs claim or *commercial* loans as the CMC Defendants claim, they plainly were *not* loans by IUIC. Plaintiffs cannot, under the circumstances, allege facts that would support this cause of action *against IUIC*.

The allegations in Plaintiffs' Second Cause of Action are predicated on violations of Fin. Code § 22100 (requiring license to engage in the business of a finance lender or broker),

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEMURRER AND MOTION TO STRIKE

0382964.2

Mitchell Silberberg & Knupp LLP

and §§ 22312, 22331, 22332, 22333, and 22337 (regulations applicable to the making of consumer loans). Plaintiffs then allege that these violations were willful, thus entitling them to void the contracts with CMC and recover damages. Fin. Code § 22750(b).

However, because Plaintiffs have not alleged any facts suggesting that *IUIC* "engage[d] in the business of a finance lender or broker," then *IUIC* was not required to be licensed as such. Moreover, Plaintiffs have not alleged that *IUIC* "required [them] to enter into . . . collateral sales agreements or contracts" (§ 22312), that *IUIC* was a "licensee" who took a confession of judgment or power of attorney to effectuate the transfer of the ownership of a motor vehicle (§ 22331), that *IUIC* "[took] any note or promise to pay that [did] not accurately disclose the actual amount of the loan" (§ 22332), that *IUIC* "[took] any instrument in which blanks [were] left to be filled in after execution" (§ 22333), or that *IUIC* failed to or was required to comply with the various requirements set forth in § 22337. Finally, with respect to willfulness, Plaintiffs expressly alleged that IUIC did *not* engage in oppressive, fraudulent or malicious conduct. FAC ¶ 105. In short, Plaintiffs have failed to allege any facts that give rise to a cause of action against IUIC under the Finance Lenders Law.

In paragraphs 103 and 104 of the Second Cause of Action and paragraphs 1-3, 6-8, and 12 of the Prayer for Relief, Plaintiffs generally seek to recover attorneys' fees and monetary damages against "Defendants," without specifying which "Defendants" should pay. To the extent Plaintiffs seek such recovery against IUIC, those portions of the FAC should be stricken because Plaintiffs have not alleged any basis entitling them to recover monetary damages *from IUIC*. With respect to the requests for attorneys' fees, Plaintiffs have not alleged that the purported indemnity agreement (the only contract alleged between Plaintiffs and IUIC) contains a provision for the recovery of attorneys' fees, and Plaintiffs have not alleged any other basis for recovering attorneys' fees *from IUIC*.

Mitchell Silberberg & Knupp LLP

6

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEMURRER AND MOTION TO STRIKE

0382964.2

## 5.

## THE NINTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST IUIC AND REQUESTS FOR RELIEF UNDER THAT CAUSE OF ACTION SHOULD BE STRICKEN

Plaintiffs' Ninth Cause of Action alleges that the CMC Defendants have engaged in a host of violations of the California Unfair Practices Act.[3] As a result, Plaintiffs seek a variety of remedies, both against the CMC Defendants and against "Defendants" in general. To the extent Plaintiffs seek relief against IUIC, the Ninth Cause of Action fails to state facts sufficient to constitute a cause of action because Plaintiffs have not alleged and cannot allege that IUIC committed any act violative of the Unfair Practices Act.

Although § 17200 has been broadly interpreted (Farmers Ins. Exchange v. Superior Court, 2 Cal. 4th 377, 383 (1992), Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994)),[4] a plaintiff attempting to state a claim under § 17200 must at a minimum allege that the defendant engaged in some act prohibited by the statute. See, Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

Here, Plaintiffs have not alleged that IUIC committed any purported acts violative of *any* statute. In fact, paragraph 133 of the FAC specifies which of *the CMC Defendants* allegedly committed the alleged 15 categories of acts purporting to violate § 17200. FAC ¶ 133a-o. *None* of these acts was allegedly committed *by IUIC*.

---

[3] Again, it appears that Plaintiffs are alleging violations of Bus. & Prof. Code § 17200, and not of the Unfair Practices Act. Bus. & Prof. Code §§ 17000-17101.

[4] IUIC notes that, while older cases broadly interpret § 17200, more recent cases may be limiting its scope. See, e.g., Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163 (1999). IUIC will not burden the Court with a lengthy analysis of those cases at this time since, even under a broad reading of § 17200, Plaintiffs have failed to state a claim because they have not alleged any statutory violation by IUIC.

Mitchell Silberberg & Knupp LLP

0382964.2

In paragraphs 132-135, 137 and 139 of the Ninth Cause of Action and paragraphs 1-3, 6-8 and 12 of the Prayer for Relief, Plaintiffs make vague allegations about violations of the Unfair Practices Act by "Defendants," and seek the recovery of attorneys' fees and monetary damages against "Defendants," without specifying which "Defendants" should pay. For all of the reasons discussed above, to the extent Plaintiffs address such allegations to, and seek such recovery against, IUIC, those portions of the FAC should be stricken because Plaintiffs have not alleged any statutory or other violations by IUIC.

## 6.

## PLAINTIFFS' FIRST, SECOND AND NINTH CAUSES OF ACTION ARE UNCERTAIN, AMBIGUOUS AND UNINTELLIGIBLE

Plaintiffs seek various forms of monetary and injunctive relief Based on their allegations that the alleged transactions with the CMC Defendants were usurious loans. FAC ¶¶ 91-96, and Prayer ¶¶ 1, 3-6, 8 and 10-13. Although within the First Cause of Action Plaintiffs appear only to seek reformation against IUIC,[5] the Prayer is phrased in broad terms, seeking, e.g., "recovery of all payments of interest paid to *Defendants*," Prayer ¶ 1 (emphasis added), and "and [*sic*] order requiring *Defendants* to recoup and pay back all interest and principal charges or fees which they have received," Prayer ¶ 6 (emphasis added).

Similarly, the Second and Ninth Causes of Action allege that *the CMC Defendants* have violated the Finance Lenders Law and the Unfair Practices Act in several particulars. FAC ¶¶ 100-102 and 133. As with the First Cause of Action, various forms of monetary and equitable relief are sought. Although within the Second Cause of Action Plaintiffs appear only to seek declaratory relief against IUIC and cancellation of incidental indemnity

---

[5] In the Third, Fifth and Eight Causes of Action, Plaintiffs seek equitable relief against IUIC based on the allegations in the First and Second Causes of Action. IUIC does not, at this time, challenge the legal sufficiency of these causes of action, but reserves its rights to do so.

agreements, both the Ninth Cause of Action, ¶¶ 134, 135 and 140, and the Prayer, ¶¶ 1, 3-6, 8 and 10-13, request monetary damages against "Defendants," without specifying against which defendants such relief is sought. Also, the Ninth Cause of Action, ¶¶ 137 and 139, and the Prayer, ¶ 8, seek injunctive relief under the Unfair Practices Act against "Defendants," which is improper as to IUIC.

CCP § 430.10(f) provides that a party against whom a complaint has been filed may demur if the complaint is "uncertain," "ambiguous" or "unintelligible." Where the allegations of a complaint fail to apprise the party against whom they are asserted of the nature of the claim stated and relief sought, the plaintiff should be required to amend the complaint to eliminate such uncertainty. Gonzales v. State of California, 68 Cal. App. 3d 621, 631 (1977).

As pled, the First, Second and Ninth Causes of Action can be interpreted *either* as seeking only declaratory relief, reformation and cancellation against IUIC, *or* as seeking several forms of monetary relief *in addition to* such equitable remedies against IUIC. This is a material defect that prevents IUIC from being able to properly frame a response. As discussed above, to the extent that Plaintiffs seek to state their Usury, Financial Code and Unfair Practices Act[6] claims directly against IUIC, their allegations fail to state facts sufficient to constitute causes of action. On the other hand, if Plaintiffs have named IUIC in these causes of action only because IUIC is a party to agreements incidental to the alleged transactions, and seek only declaratory relief, reformation and cancellation of those agreements based on the actions of the CMC Defendants, then Plaintiffs have already sufficiently pled these claims in the Third, Fifth and Eighth Causes of Action, and IUIC should not be named as a defendant under the First, Second and Ninth Causes of Action. Accordingly, this Court should order Plaintiffs to amend the First

---

[6] The very fact that it is uncertain whether the Plaintiffs seek relief under the Unfair Practices Act or under Bus. & Prof. Code § 17200 is yet another ground warranting the sustaining of this demurrer. See, Cel-Tech Communications, 20 Cal. 4th at 179 ("The unfair competition law [Bus. & Prof. Code § 17200] is independent of the Unfair Practices Act").

Mitchell Silberberg & Knupp LLP

Amended Complaint to clarify the nature of the claims stated against IUIC and the nature and extent of the relief sought against IUIC.

## 7.

## CONCLUSION

For all of the above reasons, IUIC requests that its demurrers to the First, Second and Ninth Causes of Action be sustained without leave to amend, and IUIC requests that its motion to strike be granted.

DATED: October 30, 2001

MITCHELL SILBERBERG & KNUPP LLP
THOMAS P. LAMBERT
RICHARD S. HESSENIUS
JEAN PIERRE NOGUES

By: _Richard S. Hessenius_
RICHARD S. HESSENIUS
Attorneys for Defendant
ILLINOIS UNION INSURANCE COMPANY

Mitchell Silberberg & Knupp LLP

10

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEMURRER AND MOTION TO STRIKE

0382964.2

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

On October 30, 2001, I served the foregoing document described as

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ILLINOIS UNION INSURANCE COMPANY'S DEMURRER TO FIRST AMENDED COMPLAINT AND MOTION TO STRIKE PORTIONS THEREOF**

on parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Thomas E. McCurnin, Esq.
Mark A. Newton, Esq.
Barton, Klugman & Oetting, LLP
333 South Grand Avenue #3700
Los Angeles, California 90071

Richard A. Solomon, Esq.
Stephen M. Spinella, Esq.
Rochelle Stanford, Esq.
Solomon, Grindle, Silverman & Spinella
12555 High Bluff Drive #260
San Diego, California 92130

☒   **BY MAIL:** I deposited such envelopes in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 30, 2001, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Sheila M. Cooley*
Sheila M. Cooley

Mitchell Silberberg & Knupp LLP

9/7/01

Professional Indexes & Files 800-422-9191 www.proindexes.com

9

MITCHELL SILBERBERG & KNUPP LLP
THOMAS P. LAMBERT (State Bar No. 050952)
RICHARD S. HESSENIUS (State Bar No. 076765)
JEAN PIERRE NOGUES (State Bar No. 084445)
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:    (310) 312-2000
Facsimile:    (310) 312-3100

Attorneys for Defendant
ILLINOIS UNION INSURANCE COMPANY



FILED
LOS ANGELES SUPERIOR COURT

OCT 30 2001

JOHN A. CLARKE, CLERK

BY R. AMOR, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

RONNIE CLAYTON, etc., et al.,

                                    Plaintiffs

              v.

COMMERCIAL MONEY CENTER, INC.,
etc., et al.,

                                    Defendants

Case No. BC253169

ASSIGNED FOR ALL PURPOSES TO:
Hon. Gregory O'Brien
Department 21

NOTICE OF MOTION AND MOTION OF
ILLINOIS UNION INSURANCE
COMPANY TO STRIKE PORTIONS OF
FIRST AMENDED COMPLAINT

Date:    November 27, 2001
Time:    8:30 a.m.
Dept:    21

Date/Case Filed:    June 27, 2001

PLEASE TAKE NOTICE that on November 27, 2001, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department 21 of the above-entitled Court, located at 111 North Hill Street, Los Angeles, CA 90012, before the Honorable Gregory O'Brien, Defendant Illinois Union Insurance Company ("IUIC") will and hereby does move to strike the following portions of the First Amended Complaint filed by Plaintiffs, Ronnie Clayton dba Clayton Trucking, et al., pursuant to CCP § 436, on the ground that the allegations and matters are irrelevant, false or improper matter, and/or are not drawn or filed in conformity with the laws of the State of California:

Mitchell Silberberg &
Knupp LLP

1.  35:22 (¶ 95), which states, "Plaintiffs are also entitled to attorney's fees pursuant to Contract," should be stricken to the extent that the Plaintiffs seek the recovery of attorneys' fees from IUIC.

2.  37:16-21 (¶ 103), which states in part, "Plaintiffs seek the recoupment and recovery of all charges, interest, principal, and other payments made to by Plaintiffs to Defendants CMC, CSC, Does 51-60 and the Assignees, Does 1-30 as a result of the void Contracts or the transactions. Further, Plaintiff [sic] are entitled to and seek an order requiring defendants to discharge and/or convey all security interests they have or claim to have over any of the Plaintiffs's [sic] assets or property," should be stricken to the extent that the Plaintiffs seeks monetary recovery from IUIC.

3.  37:22 (¶ 104), which states, "Plaintiffs are also entitled to attorney's fees pursuant to Contract," should be stricken to the extent that the Plaintiffs seek the recovery of attorneys' fees from IUIC.

4.  43:9-15 (¶¶132 and 133), which states, "Plaintiffs herein are not the only borrowers affected by the Defendants' unfair, unlawful and fraudulent practices. Plaintiffs are informed and believe that within California there are hundreds of others who are similarly situated victims of Defendants' unfair and unlawful business practices and Plaintiffs bring this claim on their own behalf and on behalf of all other California CMC customers" and "Defendants have violated the California Unfair Practices Act. . .," should be stricken to the extent that the Plaintiffs allege violations of the Unfair Practices Act by IUIC because, in the remainder of the Ninth Cause of Action, the Plaintiffs have not alleged that IUIC violated the Unfair Practices Act in any way.

5. 45:23-27 (¶ 134), which states, "Plaintiffs on their own behalf and on behalf of all others [*sic*] similarly situated CMC customers within California seek restitution in the form of recoupment of all payments of charges, principal and/or interest paid to Defendants by Plaintiff and all others who were and are subject to the unlawful, unfair and fraudulent contracts with Defendants during the four years prior to the filing of this Complaint," should be stricken to the extent that Plaintiffs allege violations of the Unfair Practices Act by IUIC, and to the extent that they seek monetary recovery from IUIC.

6. 45:28-46:4 (¶ 135), which states, "Plaintiffs on their own behalf and on behalf of all others [*sic*] similarly situated CMC customers within California seek an order disgorging all profits and gains obtained or received by Defendants during the last four years which are attributable to the Defendants' unfair, unlawful and fraudulent acts practiced upon Plaintiff [*sic*] and all others, to be distributed to Plaintiffs and to all similarly situated CMC customer [*sic*] in California," should be stricken to the extent that Plaintiffs allege violations of the Unfair Practices Act by IUIC, and to the extent that they seek monetary recovery from IUIC.

7. 46:16-22 (¶ 137), which states, "Plaintiffs also seek preliminary and permanent mandatory injunctive relief in the form of an order: 1) Requiring Defendants to notify all past and present customers of CMC who had or have usurious or unenforceable Contracts with CMC that they no longer are obligated to pay interest or principal under those Contracts; 2) Requiring Defendants to refuse to accept all future payments and return them to the customers from whom they are received; and 3) canceling, transferring or conveying any and all security interests they have in their customer [*sic*] assets or property," should be stricken to the extent the Plaintiffs seek such an order against IUIC based on the conduct of other of the defendants.

Mitchell Silberberg & Knupp LLP

3

0383970.1

8.    47:1-4 (¶ 139), which states, "Further, Plaintiffs seek such further orders as are necessary and proper to prevent continued acts of unfair competition by Defendants and to restore to Plaintiffs and others the money and/or property and all proceeds and benefits driven [sic] therefrom which Defendants have acquired by means of the wrongful acts described above," should be stricken to the extent the Plaintiffs seek injunctive relief against IUIC based on the allegedly wrongful acts of other of the defendants and to the extent the Plaintiffs seek an injunction requiring the payment of money to Plaintiffs by IUIC.

9.    47:11-12 (Prayer, ¶ 1), which requests "recovery of all payments of interest paid to Defendants to date in the amount of at least $400,000 or in such further sums as are proved at time of trial," should be stricken to the extent the Plaintiffs seek monetary recovery from IUIC.

10.    47:13-14 (Prayer, ¶ 2), which requests "recovery of all payments of principal paid to Defendants to date in the amount of at least $200,000 or such further sums as are proved at time of trial," should be stricken to the extent the Plaintiffs seek monetary recovery from IUIC.

11.    47:15-16 (Prayer, ¶ 3), which requests recovery of "the amount of all interest paid to defendants within the last year prior to the filing of the Complaint, of at least $325,000, or as proved at time of trial, trebled" should be stricken to the extent the Plaintiffs seek monetary recovery from IUIC.

12.    47:27-48:2 (Prayer, ¶ 6), which requests "and [sic] order requiring Defendants to recoup and pay back all interest and principal and charges or fees which they have received to date and for a declaration that these funds were held in trust, with all proceeds acquired therefrom being awarded to Plaintiffs and an accounting of all

4

Mitchell Silberberg &
Knupp LLP

0383970.1

such funds," should be stricken to the extent the Plaintiffs seek an injunction requiring the payment of money to Plaintiffs by IUIC.

13.    48:3-9 (Prayer, ¶ 7), which requests, "an order of restitution in the form of recoupment of all principal, interest and charges or fees paid to defendants by Plaintiffs and all other Californians who were customers of CMC and were or are subject to the unlawful, unfair, fraudulent and unconscionable Contracts and loans. Further, Plaintiff [*sic*] seek an order requiring Defendants to disgorge all profits and gains received by them which are attributable to the defendant's unfair, unlawful and fraudulent acts practiced upon the [*sic*] CMC's California customers over the last four years," should be stricken to the extent the Plaintiffs seek monetary relief against IUIC or an injunction requiring the payment of money to Plaintiffs by IUIC.

14.    48:10-19 (Prayer, ¶ 8), which requests "injunctive relief . . . requiring defendants to notify all customers who have usurious loans with Defendants that they no longer are obligated to pay interest or principal under those loans, returning all future payments received on those Contracts, requiring defendant to transfer and convey to Plaintiff [*sic*] and all customers, the titles and/or security interests they hold in the Plaintiff's [*sic*] or customer's [*sic*] assets and property and for such further orders as are necessary and proper to prevent continued acts of unfair competition by defendants and to restore to Plaintiffs and others the money and/or property which Defendants acquired by means of the wrongful acts described above," should be stricken to the extent the Plaintiffs seek monetary relief or the stated injunctive relief against IUIC.

15.  49:5-6 (Prayer, ¶ 12), which requests, "attorney's fees and costs pursuant to the terms of the Contracts and pursuant to statute," should be stricken to the extent that the Plaintiffs seek the recovery of attorneys' fees from IUIC.

This Motion is brought pursuant to CCP §§ 435 and 436, and is based upon this Notice, the attached Memorandum of Points and Authorities, the pleadings, documents and files of record in this Court for this matter, and upon such oral and documentary evidence and argument as may be presented at the time of the hearing on this Motion.

DATED: October 30, 2001

MITCHELL SILBERBERG & KNUPP LLP
THOMAS P. LAMBERT
RICHARD S. HESSENIUS
JEAN PIERRE NOGUES

By: _Richard S. Hessenius_____
RICHARD S. HESSENIUS
Attorneys for Defendant
ILLINOIS UNION INSURANCE
COMPANY

Mitchell Silberberg &
Knupp LLP

6

MOTION OF ILLINOIS UNION INS. CO. TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT

0383970.1